| | |
|---|---|
| ARcare d/b/a Parkin Drug Store and Bald Knob Medical Clinic, on behalf of itself and all others similarly situated,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ZYLERA PHARMACEUTICALS, LLC,<br><br>　　　　Defendant. | No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**Demand for Jury Trial** |

## CLASS ACTION COMPLAINT

Plaintiff, ARcare d/b/a Parkin Drug Store and Bald Knob Medical Clinic ("Plaintiff"), on behalf of itself and all others similarly situated, brings this Complaint against Zylera Pharmaceuticals, LLC ("Defendant") for violations of the federal Telephone Consumer Protection Act and the North Carolina Telephone Solicitations Consumer Protection Laws, N.C. Gen. Stat. 75-115, *et. seq.* ("TSCP"). Plaintiff seeks certification of its claims against Defendant as a class action. In support, Plaintiff states as follows:

### INTRODUCTION

1. This case challenges Defendant's policy and practice of faxing unsolicited advertisements without providing an opt-out notice as required by law.

2. Congress enacted the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, to regulate the fast-growing expansion of the telemarketing industry. As is pertinent here, the TCPA and its implementing regulations prohibit persons within the United States from sending advertisements via fax without including a detailed notice that allows recipients to expeditiously opt out of receiving future solicitations.

3. Junk faxes disrupt recipients' peace, drain recipients' paper, ink, and toner, and cause recipients tangible damages. Junk faxes also cause recipients to waste valuable time retrieving and discerning the purpose of the faxes; prevent fax machines from receiving and sending authorized faxes; and cause undue wear and tear on recipients' fax machines. Plaintiff offers pharmaceutical services and must use its fax machine to receive communications about patients. That purpose is impeded when Plaintiff's fax machine is invaded by junk faxes.

4. The TCPA provides a private right of action and statutory damages of $500 per violation, which may be trebled when the violation is willing or knowing.

5. The TSCP provides a private right of action that prohibits an unsolicited fax from being sent to or from the state of North Carolina. Violation of this statute requires a penalty of $500 for the first fax, $1,000 for the second fax, and $5,000 for the third and all subsequent faxes.

6. On behalf of itself and all others similarly situated, Plaintiff brings this case under the TCPA to recover declaratory relief, damages for violations of the TCPA, and an injunction prohibiting Defendant from future TCPA violations.

## JURISDICTION AND VENUE

7. This Court has personal jurisdiction over Defendant because it operates its business in North Carolina and is a North Carolina Corporation.

8. This Court has subject-matter jurisdiction over Plaintiff's TCPA claim pursuant to 28 U.S.C. § 1331.

9. Venue in this district is proper because this is the district in which Defendant resides.

2

Case 1:16-cv-00378   Document 1   Filed 04/25/16   Page 2 of 12

## PARTIES

1. Plaintiff, ARcare is an Arkansas non-profit corporation located in Augusta, Arkansas. Among other entities, ARcare owns and operates the Parkin Drug Store and the Bald Knob Medical Clinic.

2. Defendant Zylera Pharmaceuticals, LLC is a company that develops, acquires and commercializes prescription products and dietary supplements. It has its principal place of business in Research Triangle Park, North Carolina and is organized under the laws of North Carolina.

## FACTS

3. On September 9, 2015, Defendant sent an unsolicited advertisement to Plaintiff's ink-and-paper facsimile machine. The fax advertises Poly-Vi-Flor film strips (the "Product"). It touts that "Film Strips Are Fun on the Tongue…the Easy Choice for Children & Parents" and "All Vitamins are Not the Same." A copy of this facsimile is attached hereto and marked as Exhibit A. On October 19, 2015, Defendant sent a second unsolicited advertisement to Plaintiff's ink-and-paper facsimile machines. The fax advertises ULES FIA. A copy of this facsimile is attached hereto as Exhibit B.

4. Exhibit A and B are exemplary of the junk faxes Defendant sends.

5. Upon information and belief, Plaintiff has received multiple fax advertisements from Defendant similar to Exhibits A and B.

6. Defendant did not have Plaintiff's prior express invitation or permission to send advertisements to Plaintiff's fax machine.

7. Defendant's faxes do not contain opt-out notices that comply with the requirements of the TCPA.

## CLASS ALLEGATIONS

8. In accordance with Fed. R. Civ. P. 23, Plaintiff brings this action on behalf of the following class of persons (the "Class"):

> **All persons and entities who hold telephone numbers that received a facsimile transmission from Defendant at any time during the applicable statute of limitations to present (the "Class Period") that 1) promotes Defendant's products and 2) contains an opt-out notice identical or substantially similar to that contained on the facsimile advertisement attached as Exhibit A to the Complaint.**

9. Plaintiff reserves the right to modify or amend the definition of the proposed Class before the Court determines whether certification is proper, as more information is gleaned in discovery.

10. Excluded from the Class are Defendant, any parent, subsidiary, affiliate, or controlled person of Defendant, as well as the officers, directors, agents, servants, or employees of Defendant and the immediate family members of any such person. Also excluded are any judge who may preside over this case and any attorneys representing Plaintiff or the Class.

11. <u>Numerosity [Fed R. Civ. P. 23(a)(1)]</u>. The Members of the Class are so numerous that joinder is impractical. Upon information and belief, Defendant has sent illegal fax advertisements to hundreds if not thousands of other recipients.

12. <u>Commonality [Fed. R. Civ. P. 23(a)(2)]</u>. Common questions of law and fact apply to the claims of all Class Members and include (but are not limited to) the following:

  (a) Whether Defendant sent faxes advertising the commercial availability of property, goods, or services;

  (b) The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other fax advertisements;

(c) Whether Defendant faxed advertisements without first obtaining the recipient's prior express permission or invitation;

(d) Whether Defendant's advertisements contained the opt-out notice required by law;

(e) Whether Defendant sent the fax advertisements knowingly or willfully;

(f) Whether Defendant violated 47 U.S.C. § 227;

(g) Whether Plaintiff and the other Class Members are entitled to actual and/or statutory damages;

(h) Whether the Court should award treble damages; and

(i) Whether Plaintiff and the other Class Members are entitled to declaratory, injunctive, and/or other equitable relief.

13. <u>Typicality [Fed. R. Civ. P. 23(a)(3)]</u>. Plaintiff's claims are typical of the claims of all Class Members. Plaintiff received an unsolicited fax advertisement from Defendant during the Class Period. Plaintiff makes the same claims that it makes for the Class Members and seeks the same relief that it seeks for the Class Members. Defendant has acted in the same manner toward Plaintiff and all Class Members.

14. <u>Fair and Adequate Representation [Fed. R. Civ. P. 23(a)(4)]</u>. Plaintiff will fairly and adequately represent and protect the interests of the Class. It is interested in this matter, has no conflicts, and has retained experienced class counsel to represent the Class.

15. <u>Predominance and Superiority [Fed. R. Civ. P. 23(b)(3)]</u>. For the following reasons, common questions of law and fact predominate and a class action is superior to other methods of adjudication:

5

(a) Proof of Plaintiff's claims will also prove the claims of the Class without the need for separate or individualized proceedings;

(b) Evidence regarding defenses or any exceptions to liability that Defendant may assert will come from Defendant's records and will not require individualized or separate inquiries or proceedings;

(c) Defendant has acted and continues to act pursuant to common policies or practices in the same or similar manner with respect to all Class Members;

(d) The amount likely to be recovered by individual Members of the Class does not support individual litigation. A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based on common proofs;

(e) This case is inherently well-suited to class treatment in that:

   (i) Defendant identified persons or entities to receive its fax transmissions, and it is believed that Defendant's computer and business records will enable Plaintiff to readily identify Class Members and establish liability and damages;

   (ii) Common proof can establish Defendant's liability and the damages owed to Plaintiff and the Class;

   (iii) Statutory damages are provided for in the statutes and are the same for all Class Members and can be calculated in the same or a similar manner;

   (iv) A class action will result in an orderly and expeditious administration of claims, and it will foster economies of time, effort, and expense;

(v) A class action will contribute to uniformity of decisions concerning Defendant's practices; and

(vi) As a practical matter, the claims of the Class are likely to go unaddressed absent class certification.

## CLAIMS FOR RELIEF

### COUNT ONE

**Violations of the Telephone Consumer Protection Act**
*47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4)*

16. Plaintiff hereby incorporates by reference each of the preceding paragraphs as though fully set forth herein.

17. The TCPA provides strict liability for sending fax advertisements in a manner that does not comply with the statute. Recipients of fax advertisements have a private right of action to seek an injunction or damages for violations of the TCPA and its implementing regulations. 47 U.S.C. § 227(b)(3).

18. The TCPA makes it unlawful to send any "unsolicited advertisement" via fax unless certain conditions are present. 47 U.S.C. § 227(b)(1)(C). "Unsolicited advertisement" is defined as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

19. Unsolicited faxes are illegal if the sender and recipient do not have an "established business relationship." 47 U.S.C. § 227(b)(1)(C)(i). "Established business relationship" is defined as "a prior or existing relationship formed by a voluntary two-way communication between a person or entity and a business or residential subscriber with or without an exchange of consideration, on the basis of an inquiry, application, purchase or transaction by the business or

residential subscriber regarding products or services offered by such person or entity, which relationship has not been previously terminated by either party." 47 U.S.C. § 227(a)(2); 47 C.F.R. § 64.1200(f)(6).

20. Regardless of whether the sender and recipient have an established business relationship, and regardless of whether the fax is unsolicited, a faxed advertisement is illegal unless it includes an opt-out notice on its first page that complies with the TCPA's requirements. *See* 47 U.S.C. § 227(b)(1)(C)(iii); 47 C.F.R. § 64.1200(a)(4)(iv). To comply with the law, an opt-out notice must (1) inform the recipient that the recipient may opt out of receiving future faxes by contacting the sender; (2) provide both a domestic telephone number and a facsimile machine number—one of which must be cost-free—that the recipient may contact to opt out of future faxes; and (3) inform the recipient that the sender's failure to comply with an opt-out request within thirty days is a violation of law. *See* 47 U.S.C. § 227(b)(2)(D); 47 CFR § 64.1200(a)(4)(iii).

21. Defendant faxed unsolicited advertisements to Plaintiff that did not have compliant opt-out notices, in violation of 47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4).

22. Defendant knew or should have known (a) that Plaintiff had not given express invitation or permission for Defendant to fax advertisements about its products; (b) that Defendant's faxes did not contain a compliant opt-out notice; and (c) that Exhibit A is an advertisement.

23. Defendant's actions caused actual damage to Plaintiff and the Class Members. Defendant's junk faxes caused Plaintiff and the Class Members to lose paper, toner, and ink consumed in the printing of Defendant's faxes through Plaintiff's and the Class Members' fax machines. Defendant's faxes cost Plaintiff and the Class Members time that otherwise would have been spent on Plaintiff's and the Class Members' business activities.

8

24. In addition to statutory damages (and the trebling thereof), Plaintiff and the Class are entitled to declaratory and injunctive relief under the TCPA.

## COUNT TWO

**Violations of the North Carolina Telephone Solicitations Consumer Protection Laws**
*N.C. Gen. Stat. 75-115 et seq.*

25. Plaintiff hereby incorporates by reference each of the preceding paragraphs as though fully set forth herein.

26. N.C. Gen. Stat. 75-115(3) of the TSCP provides that an "unsolicited advertisement" is "any material advertising the commercial availability or quality of any property, goods, or services that is transmitted to any person or entity without that person's or entity's prior express invitation or permission."

27. N.C. Gen. Stat. 75-116 (a) states "no person or entity, if either the person or entity or the recipient is located within the State of North Carolina, shall (i) use any telephone facsimile machine, computer, or other device to send or (ii) cause another person or entity to use a telephone facsimile machine to send an unsolicited advertisement to a telephone facsimile machine."

28. N.C. Gen. State. 75-117 (a) provides "It shall be a violation of this Article for any person or entity, if either the person or entity or the recipient is located in the State of North Carolina, to do either of the following: (1) Initiate any communication using a telephone facsimile machine that does not clearly mark in a margin at the top or bottom of each transmitted page or on the first page of each transmission the date and time sent; an identification of the business, other entity, or person sending the message, and the telephone number of the sending machine or of the business, other entity, or person."

29. Defendant has violated each of these provisions of the TSCP.

30. Under the TSCP, each unsolicited fax is a violation of the statute, and penalties are $500 for the first violation, $1,000 for the second and $5,000 for the third and each subsequent violation.

## CLAIMS FOR RELIEF

WHEREFORE Plaintiff, individually and on behalf of all others similarly situated, respectfully requests that this Court:

a) Determine that this action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure;

b) Declare Defendant's conduct to be unlawful under the TCPA and North Carolina Telephone Solicitation Consumer Protection Laws;

c) Award damages under the TCPA for each violation in the amount of actual monetary loss or $500, whichever is greater, and treble those damages;

d) Award damages under the N.C. Gen. Stat. 75-1-1 *et seq.* in the amount of $500 for the first violation, $1,000 for the second violation, and $5,000 for the third and each subsequent violation;

e) Enjoin Defendant from additional violations;

f) Award Plaintiff and the Class their attorney's fees and costs;

g) Grant such other legal and equitable relief as the Court may deem appropriate.

## JURY DEMAND

Plaintiff and the Members of the Class hereby request a trial by jury.

DATED: April 25, 2016

Respectfully submitted,

/s/ Janet Ward Black
Janet Ward Black
NC State Bar 12869
Megan E. Kunz
NC State Bar 47874
Attorney for Plaintiff
Ward Black Law
208 W. Wendover Ave.
Greensboro, NC 27401
336-333-2244
jwblack@wardblacklaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of April, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed the document to the following non CM/ECF participants:

**ZYLERA PHARMACEUTICALS, LLC**
c/o its Registered Agent
Rodrick J. Enns
939 Burke St.
Winston Salem, NC 27101-2575

/s/ Janet Ward Black
Janet Ward Black
NC State Bar 12869
Attorney for Plaintiff
Ward Black Law
208 W. Wendover Ave.
Greensboro, NC 27401
336-333-2244
jwblack@wardblacklaw.com

12

Case 1:16-cv-00378   Document 1   Filed 04/25/16   Page 12 of 12